Anthony I. Paronich
Email: anthony@broderick-law.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAVVE MARKETING CORP and THE FEDERAL SAVINGS BANK<br><br>Defendants. | Case No. 2:20-cv-01619-PSG-SK<br><br>[DISCOVERY MATTER]<br><br>**JOINT STIPULATION ON MOTION OF TERRY FABRICANT TO COMPEL DEFENDANT WAVVE MARKETING CORP TO PROVIDE A COMPLETE RESPONSE TO REQUESTS FOR PRODUCTION REQUESTS NO. 19.**<br><br>Judge: Hon. Philip S. Gutierrez<br>Magistrate Judge: Hon. Steve Kim<br><br>**HEARING DATE:** September 21, 2020 at 10:00 AM<br>**DISCOVERY CUTOFF:** March 16, 2021<br>**PRE-TRIAL CONF.:** June 7, 2021<br>**TRIAL DATE:** June 22, 2021 |

**Case Schedule Order**

Pursuant to L.R. 37-2.1, a copy of the Initial Case Schedule Order is attached as <u>Exhibit 1</u>.

**I.     Introductory Statement**

     **A.     Plaintiff's Introductory Statement**

This putative class action arises from Wavve Marketing Corp's ("Defendant" or "Wavve") conduct of obtaining telephone numbers and requiring a vendor to log on to their cloud-based automatic dialing system to make unsolicited telemarketing calls in alleged violation Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The calls in this case were made for Federal Savings Bank, a federally chartered bank that is licensed to do business in all 50 states, including California. Recipients of these calls, including Plaintiff, had not provided prior express written consent to receive them, which is required under the TCPA.  Plaintiff also alleges that Wavve made telemarketing calls to individuals in the absence of any "do not call" policy or training, as well as making such calls to individuals who previously indicated that they no longer wanted to be contacted, such as Plaintiff.

Plaintiff's telephone number, (818)-266-XXXX, is registered to a cellular telephone service, which is the number he received the call on. It has been on the National Do Not Call Registry since 2008. The Plaintiff has received at least seven automated telemarketing calls from Wavve on behalf of Federal Savings. These calls were on December 16 and 17, 2020 and January 6, 7 and 28, 2020.

**B.     Defendant Wavve's Introductory Statement**

On August 4, 2020, Wavve filed a motion to stay this litigation in light of the pending U.S. Supreme Court decision in *Facebook v. Duguid.,* No. 19-511. [ECF 26] The U.S. Supreme Court is poised to resolve the definition of an automatic telephone dialing system ("ATDS") under the TCPA. *See Seefeldt v. Entertainment Consulting International, LLC*, No. 4:19-CV-00188-MTS, 2020 WL 4922371, at *1 (E.D. Mo. Aug. 21, 2020) (granting stay pursuant to *Facebook*); *Jensen v. Roto-Rooter*, C20-0223-JCC, (W.D. Wash. Aug. 20, 2020) (ECF 27) (same) (Ex. 2 to Watkins Declaration)

Wavve's pending motion to stay is grounds to deny Plaintiff's motion to compel. *Diaz-Lebel v. TD Bank USA, N.A.*, No. CV 17-5110 (MJD/BRT), 2018 WL 8754122, at *2 (D. Minn. Feb. 23, 2018).

*Diaz-Lebel* also involved a TCPA action. In that case, the defendant filed a motion to stay the litigation pending resolution of the definition of the term "called party" then being considered by the D.C. Circuit Court of Appeals in *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. filed July 10, 2015). *Id.* at *1. The Court granted the defendant's motion to stay given the likely impact of *ACA Int'l* on the litigation. *Id.* at *2. The Court also stayed resolution of the plaintiff's pending motion to compel. *Id.*

Without revisiting the entirety of Wavve's Motion to Stay, if the Court holds that device that does not employ random or sequential generation is not an ATDS,

this eliminates Plaintiff's primary theory of liability. A decision in *Facebook* is expected next year

This potentially dispositive U.S. Supreme Court decisions is grounds for a stay. *See, e.g., McCoy v. Holguin*, No. 115CV00768DADMJSPC, 2017 WL 4037944, at *2 (E.D. Cal. Sept. 13, 2017) (noting court had granted defendant's motion to stay discovery and denied without prejudice two motions to compel filed by the plaintiff).

Plaintiff's motion to compel should be denied in its entirety. *See also Duran v. Ocwen Mortg. Servicing, Inc.*, No. EDCV 17-905-GW(KKX), 2017 WL 10526138, at *2 (C.D. Cal. Aug. 21, 2017) (holding "proceeding with the case before the D.C. Circuit's ruling would subject [defendant] to potentially unnecessary discovery."); *Robinson v. Diversified Consultants, Inc.*, No. SACV1700992JVSJCGX, 2017 WL 7888058, at *3 (C.D. Cal. Nov. 15, 2017) (same).

Regardless, with respect to the discovery requests at issue, for the most part, Wavve does not possess the information sought. Wavve does not possess prior complaints against Wavve for TCPA violations (RFP No. 7). (Declaration of Josh Wingo, ¶¶ 10-12)

Wavve is not in possession of the majority of the call information sought by Plaintiff (RFP No. 19), but third party Call For All is. (Wingo Decl. ¶¶ 14-21).

WAV001 was a one-off report compiled from Call For All information. (Wingo Decl. ¶20.)

Plaintiff has already subpoenaed Call For All for this information. (Declaration of Stephen A. Watkins, ¶¶ 2-3 & Exhs. 1-2) This cumulative request must be denied. *See* Fed. R. Civ. P. 26(b)(2)(C) ( under which the court, "on its own, must" limit the frequency and extent of discovery if the discovery sought is "unreasonably cumulative or duplicative," can be "obtained from some other source that is more convenient, less burdensome, or less expensive,"); *Mrvich v. Midland Funding, LLC*, No. 16CV00481DMSDHB, 2017 WL 5999058, at *3 (S.D. Cal. Dec. 1, 2017) (denying motion to compel requests for production in part because information sought was available from other sources).

Plaintiff's motion to compel should be denied in its entirety.

**II.    Discovery Request at Issue**

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents containing any of the following information for each telemarketing call sent by your vendors:

    a.    the date and time;

    b.    the caller ID;

    c.    the result;

    d.    identifying information for the intended recipient;

    e.    identifying information for the actual recipient;

- 4 -

    f.    the script or content of the text message;

    g.    any information showing the called party's consent to be called to preexisting business relationship with you;

    h.    the response(s) of the called party, whether then or later, and whether by SMS, IVR, voicemail, email live oral response recorded mechanically by you live oral response summarized in written notes by you or otherwise;

    i.    any other information stored by the call detail records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the grounds it is premature and not proportional to the current needs of this litigation. Defendant objects to this request on the grounds it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Without waiving said objections, Defendant responds as follows: See WAV001.[1]

---

[1] WAV001 contained the information that the Plaintiff seeks, but it was limited to the Plaintiff only.

- 5 -

21471046.1

**Plaintiff's Contentions**

Courts have repeatedly found that a TCPA plaintiff is entitled to discovery regarding who defendants called, including call logs and any evidence regarding consent, notwithstanding defendants' generic, general objections. *See Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *14 (E.D. Cal. May 30, 2017) ("Since Plaintiff must prove this element, she should have the opportunity to conduct proportional discovery on it. Though the Court is sympathetic to the burden concerns of producing enormous and lengthy data files, the ability to do so via csv and spreadsheet-ready data files reassures the Court that the request is proportional to the needs of the case, especially given that Defendant may rely on these same files to establish defenses."); *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 U.S. Dist. LEXIS 23420, at *8 (S.D. Cal. Feb. 18, 2016) ("This information is relevant both to class certification and to the merits of the case."); *Henderson v. United Student Aid Funds, Inc.*, No. 13CV1845-JLS BLM, 2015 U.S. Dist. LEXIS 107342, at *21 (S.D. Cal. July 28, 2015) ("Plaintiff's request for the outbound call list is reasonably calculated to identify the recipients and number of calls made during the class period, and thus is relevant to establish FRCP 23 requirements of numerosity and commonality."); *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540, 2015 U.S. Dist. LEXIS 34965, at *4 (S.D. Cal. Mar. 13, 2015) ("the outbound call list [to be] reasonably calculated to identify the number of recipients of calls made during the class period, which is relevant to Rule

21471046.1

23 requirements"). This is the information required by the Plaintiff to support his motion for class certification.

Wavve's objections are substantively identical to the objections lodged about the correspondence being sought and should also be overruled. First, the Plaintiff has plainly demonstrated the relevance of this information, and it is required for a class certification analysis. Second, any privacy concern can be cured by marking the documents confidential under a protective order.

**Defendant's Contentions**

Defendant maintains that Plaintiff's motion to compel should be denied without prejudice, pending resolution of Defendant's motion to stay. *See Diaz-Lebel* 2018 WL 8754122, at *2; *McCoy v. Holguin*, 2017 WL 4037944, at *2. *See generally Duran*, 2017 WL 10526138, at *2; *Robinson v. Diversified Consultants, Inc.*, No. SACV1700992JVSJCGX, 2017 WL 7888058, at *3.

Moreover, "The Court cannot compel Defendant[s] to provide documents not in their possession, custody, or control." *Walker v. Poole*, No. 116CV01665AWIEPGPC, 2019 WL 1651621, at *2 (E.D. Cal. Apr. 17, 2019); Fed. R. Civ. P. 34. Defendant asserts that it does not possess the majority of this data, and third party Call For All likely does. (Wingo Decl. ¶ 14.) Specifically, Wavve does not possess (b),(c), (d), (f),(g) & (h). (Wingo Decl. ¶¶ 14-21.) WAV001 was a one-off report compiled from Call For All information. (Wingo Decl. ¶ 20.)

Therefore, Plaintiff's request should be denied. "Instead, Plaintiff must seek these documents from a third party via a third party subpoena." 2019 WL 1651621, at *2 Plaintiff has already sought these documents via subpoena to Call For All. (Declaration of Stephen A. Watkins, ¶¶ 2-3 & Ex. 1) This cumulative request must be denied. *See* Fed. R. Civ. P. 26(b)(2)(C) ( under which the court, "on its own, must" limit the frequency and extent of discovery if the discovery sought is "unreasonably cumulative or duplicative," can be "obtained from some other source that is more convenient, less burdensome, or less expensive,"); *Mrvich v. Midland Funding, LLC*, No. 16CV00481DMSDHB, 2017 WL 5999058, at *3 (S.D. Cal. Dec. 1, 2017) (denying motion to compel requests for production in part because information sought was available from other sources).

Even if Wavve is compelled to produce such information, production should be limited. *See Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *3 (N.D. Cal. Jan. 29, 2014), at *1. In that case, the plaintiff sought precertification discovery, including documents concerning outbound dial lists for "all telephone numbers called by [the defendant] using autodial within the preceding four years." *Id.* The Magistrate Judge found that "while the requested discovery is relevant to class certification, [the plaintiff] failed to establish[ ] the proportionality of her requests." *Id.* (citation omitted.) Thus, the court ordered the defendant to produce its autodial calling records for just one year, not for the entire class period. *Id.* Similarly, in *Mora v. Zeta Interactive Corp.*, Case No. 1:16-cv-

21471046.1

00198-DAD-SAB, 2017 WL 1187710 (E.D. Cal. Feb. 10, 2017) the Court rejected the plaintiff's request that the defendant make wholesale production of all of its call logs for the class period. *Id.*

At a minimum, this information should only be produced pursuant to protective order, as it relates to the contact information of third parties.

Finally, Plaintiff's demand that this call data be produced within 14 days of the Court's Order is unduly burdensome.

### III. Conclusion

The Plaintiffs request an Order requiring the information sought in this Joint Stipulation to be provided within 14 days of the entry of an Order from this Court.

Plaintiff,

*/s/ Anthony I. Paronich*
Anthony I. Paronich

Dated: August 25, 2020          **CARLSON & MESSER LLP**

By: /s/ David J. Kaminski
    David J. Kaminski
    Stephen A. Watkins
    Attorneys for Defendant
    WAVVE MARKETING CORP.

- 9 -

21471046.1