# "Exhibit 2"

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMIE JENSEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>ROTO-ROOTER SERVICES COMPANY, an Iowa company,<br><br>      Defendant. | CASE NO. C20-0223-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to extend the stay of proceedings in this case (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

On February 12, 2020, Plaintiff brought this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227. (Dkt. No. 1). The basis of these allegations are unsolicited text messages Defendant allegedly sent to Plaintiff. (*See id.*) Plaintiff alleges these unsolicited text messages violated TCPA § 227(b)(1)(A)(iii) because Defendant sent them using an auto dialer. (*See id.*)

On May 14, 2020, the Court stayed this action pending the Supreme Court's deliberations on cases that would resolve the circuit split on the issue of what is considered an "auto dialer"

ORDER
C20-0223-JCC
PAGE - 1

1  under the TCPA. (*See generally* Dkt. No. 21.) One of those cases, *Facebook, Inc., v. Duguid*,
2  Appeal No. 19-511, presents the Supreme Court with the issue of how the TCPA defines an auto
3  dialer. This issue bears directly on this case and will be resolved by the Supreme Court by the
4  end of its next term. (*See* Dkt. No. 23 at 2). Defendant now moves for an extension of the stay in
5  this case pending the Supreme Court's decision in *Duguid*. (*See id.*)

6  **II.    DISCUSSION**

7      **A.    Legal Standard**

8      A district court has discretion to grant a stay by using its inherent power to control the
9  cases on its docket. *Landis v. No. American Co.*, 229 U.S. 248, 254 (1936). A court may enter a
10 stay when it finds a stay is efficient for the court's docket and is the fairest course of action for
11 the parties pending the resolution of independent proceedings which have a bearing upon the
12 case. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.
13 2007). A court will consider whether to grant the stay by weighing the competing interests of
14 denying or granting a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These
15 interests include possible damage resulting from granting a stay, the hardship or inequity faced
16 by a party if forced to proceed, and the orderly course of justice measured in terms of simplifying
17 or complicating issues, proof, and questions of law. *Id.*

18     **B.    Defendant's Motion to Stay**

19     Defendant moves to continue the stay in this case because the Supreme Court's decision
20 in *Duguid* will resolve the circuit split of what constitutes an auto dialer under the TCPA. The
21 Third, Seventh, and Eleventh Circuits have adopted a definition that classifies auto dialers as
22 equipment with the capacity to store or produce telephone numbers through the use of a random
23 or sequential number generator. *See Gadlehak v. AT&T Services*, 950 F.3d 458 (7th Cir. 2020);
24 *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1308 (11th Cir. 2020); *Dominguez*
25 *v. Yahoo, Inc.*, 894 F.3d 116, 121 (3rd Cir. 2018). Meanwhile, the Second and Ninth Circuits
26 have defined auto dialers as any equipment with the capacity to automatically store and dial

ORDER
C20-0223-JCC
PAGE - 2

1  numbers, whether those numbers were generated by a random or sequential number generator.
2  *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 284–85 (2nd Cir. 2020); *Marks v. Crunch San
3  Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).
4        The question of what constitutes an auto dialer under the TCPA is central to this
5  litigation. And the Supreme Court's decision in *Duguid* will resolve the circuit split on the issue,
6  as the underlying writ of certiorari asks the Supreme Court to determine whether the definition of
7  an auto dialer in the TCPA includes devices that can store and automatically dial numbers, even
8  without the use of a random number generator. *See* Brief for Petitioner at 2, *Facebook, Inc. v.
9  Duguid*, Appeal No. 19-511. Furthermore, the minimal hardship caused by a stay weighs in favor
10 of continuing the stay. Plaintiff has not shown that she has actually suffered, or will suffer, harm
11 should the Court extend the stay order: Plaintiff does not allege that she or other class members
12 have received unauthorized text messages from Defendant since January 2020, and therefore her
13 damages will not be affected if a stay is granted. And a delay in a final judgment is not sufficient
14 to warrant denial of a motion to stay. *See CMAX, Inc.*, 300 F.2d at 268–69; *Liberty Surplus Ins.
15 Corp. v. IMR Contractors Corp.*, 2009 WL 1010842, slip op. at 11 (N.D. Cal. 2009).
16       Defendant, on the other hand, would suffer if not granted an extension of the stay. In this
17 class action case, Defendant would bear asymmetric discovery burdens and costs associated with
18 defending itself against the purported class's claims. *See Am. Bank v. City of Menasha*, 627 F.3d
19 266 (7th Cir. 2010). And Defendant would have to expend resources on discovery that may soon
20 be rendered moot by the Supreme Court's decision in *Duguid*. *See, e.g.*, *Davis v. Nationstar
21 Mortg. LLC*, 2016 WL 29071, slip op. at 10 (E.D. Pa. 2016) (finding that the defendant would be
22 prejudiced if forced to expend resources pending the resolution of another case that could
23 determine that the court lacked jurisdiction). Therefore, extending the stay of proceedings will
24 benefit both the parties and the Court by pausing possibly unnecessary litigation and discovery.
25 *See CMAX*, 300 F.2d 268–69.
26       Furthermore, the interests of judicial economy favor staying this case. These proceedings

ORDER
C20-0223-JCC
PAGE - 3

are still at an early stage and neither party has expended considerable resources. The Supreme Court is set to soon deliberate upon *Duguid*, a case that bears directly upon the resolution of this litigation. A stay will thus allow the Court to preserve judicial resources. *See id.*

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for extension of the stay of proceedings in this case (Dkt. No. 23) is GRANTED. The Court ORDERS that this case is STAYED pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, Appeal. No. 19-511. The Court further ORDERS the parties to file a joint status report within 14 days of the date the Supreme Court issues its decision that notifies the Court of the Supreme Court's decision and proposes a new case schedule.

DATED this 20th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE