Anthony I. Paronich
Email: anthony@broderick-law.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (508) 221-1510

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAVVE MARKETING CORP and THE FEDERAL SAVINGS BANK<br><br>Defendants. | Case No. 2:20-cv-01619-PSG-SK<br><br>**JOINT STATUS REPORT**<br><br>Judge:    Hon. Philip S. Gutierrez<br>Magistrate Judge:  Hon. Steve Kim |

The parties submit this joint report to inform the Court of the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, regarding what constitutes an automatic telephone dialer under the Telephone Consumer Protection Act. A copy is attached as <u>Exhibit A</u>.

From Plaintiff's perspective, the *Facebook* decision is not dispositive as to any of Plaintiff's claims.  Additional discovery is needed to determine whether the dialers at issue constitute automatic telephone dialing systems under the Supreme Court's interpretation. *Facebook, Inc. v. Duguid*, No. 19-511, 2021 U.S. LEXIS 1742, at *16 n.7 (Apr. 1, 2021) ("For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list.").

| | |
|---|---|
| 1 | From Wavve's perspective, the *Facebook* decision is dispositive of Plaintiff's |
| 2 | autodialer TCPA claims. Footnote 7 only confirms this. 141 S. Ct. 1163, 1171 & |
| 3 | n.7 (citing Brief for Professional Association for Customer Engagement et al. as |
| 4 | Amici Curiae 19. [*hereinafter* PACE Amicus Brief]) The preproduced list |
| 5 | contemplated in Footnote 7 was the result of sequential generation (PACE Amicus |
| 6 | Brief at 17-18) that was combined with random number generation. *Id.* Therefore, |
| 7 | as the very example cited by the U.S. Supreme Court confirms that an ATDS must |
| 8 | use a random or sequential number generator. |
| 9 | The Federal Savings Bank echoes Wavve's reading of the Opinion. The |
| 10 | Supreme Court dispelled any ambiguity by holding that "'using a random or |
| 11 | sequential number generator' modifies both 'store' and 'produce.'" *Facebook, Inc*, |
| 12 | No. 19-511, 2021 U.S. LEXIS 1742, at *19. In other words, a device only qualifies |
| 13 | as an automatic telephone dialing system if it is actually capable of generating |
| 14 | telephone numbers. Accordingly, *Facebook, Inc.* is dispositive of the ATDS |
| 15 | allegations asserted by Plaintiff in the instant matter. |

Plaintiff,

*/s/ Anthony I. Paronich*

Anthony I. Paronich

Defendant Wavve Marketing Corp

/s/  Stephen A. Watkins

Stephen A. Watkins

Defendant The Federal Savings Bank

*/s/ John J. Allegretto*

John J. Allegretto

21471046.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all attorneys of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

21471046.1